# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHIMACUM SCHOOL DISTRICT, | No. 51327-7-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| R.L.P., student, | |
| C.P., mother, | |
| Appellant. | |

MAXA, C.J. – RLP appeals the juvenile court's truancy order entered after RLP accumulated several unexcused absences from elementary school during the 2016-2017 school year. He claims that the Chimacum School District (the District) failed to take the data-informed steps required under former RCW 28A.225.020 (2016) to eliminate or reduce RLP's absences before the District filed the truancy petition.

RLP's appeal is moot because the juvenile court subsequently dismissed the truancy matter, but we address one of the appeal issues because it involves a matter of continuing and substantial public interest. We hold that the juvenile court erred in finding that the District met its obligations under former RCW 28A.225.020 because the District did not take data-informed

steps to eliminate or reduce RLP's absences, including application of the Washington assessment of the risks and needs of students (WARNS), before filing the truancy petition.[1]

FACTS

At the beginning of the 2016-2017 school year, RLP was 10 years old and was a 5th grade student at Chimacum Elementary School. Starting in September 2016, RLP's family experienced homelessness for a time. RLP began to miss school regularly. Many of these absences were excused, but some were unexcused.

On November 2, Chimacum Elementary School principal Mark Barga sent a letter to RLP's mother informing her that RLP had 15 absences and 17 tardies in the current school year and reminding her that school attendance was compulsory under chapter 28A.225 RCW.

On November 15, Barga met with RLP, RLP's mother, and RLP's teacher to discuss his attendance problems. They discussed the fact that RLP did not like getting up in the morning to go to school, but they agreed that the school would try different things to encourage him and that his mother would try to encourage him at home as well. RLP's teacher suggested that RLP could come to school with his older brother. Because RLP seemed to like being in the school office, Barga agreed to allow RLP to spend his recess in the school office as a rest time if he came to school and completed certain assignments.

On March 10, 2017, the District filed a truancy petition with the juvenile court, asking the court to assume jurisdiction over RLP's school attendance. The petition alleged that RLP "has had seven or more unexcused absences in the current school month, 10 unexcused absences in

---

[1] Normally, we would remand for the juvenile court to vacate the truancy order. However, in this case the truancy matter already has been dismissed. Therefore, no further action is required from the juvenile court.

the current school year or has failed to comply with a more restrictive district attendance policy." Clerk's Papers (CP) at 1. The District stated that its steps to eliminate or reduce RLP's absences included "[l]etters sent, attendance phone calls made, meeting with principal, teacher offered for [RLP] to come to school on bus with older brother who is in middle school." CP at 2.

At a fact-finding hearing on April 27, Barga testified regarding the facts recited above. RLP's attendance had not improved since the November conference. Barga testified from the attendance report that RLP had 15.5 days of excused absences, 22 days of unexcused absences, and 49 tardies. Barga apparently had not spoken with RLP's mother since the November conference or sent her any additional communication in writing.

When asked whether the school ever took data-informed steps to reduce or eliminate RLP's absences, Barga replied, "What do you mean by that?" Report of Proceedings (RP) at 14. After defense counsel's clarification, Barga stated that "we're tracking, I'll call it a behavior, we're tracking the absences and . . . you can look at what the absent . . . rate was in November and look at what the absent rate is now and it's virtually unchanged." RP at 15. Barga testified that the school had not adjusted RLP's schedule, but that his teacher had worked hard to make modifications for RLP and had "basically individualized the program and the work for [RLP]." RP at 15. Barga also stated that there were special services available for RLP that he refused to participate in.

RLP's mother also testified at the hearing. She stated that the conference with Barga in November was to discuss RLP's behavior at school and lack of participation, and that his attendance was only vaguely touched on. A truancy petition was discussed at the meeting, but ultimately was rejected at that time because she, Barga, and RLP's teacher thought it would be

detrimental to RLP's progress in school. RLP's mother agreed that RLP's teacher had made efforts on his behalf, but she testified that the District had not spoken to her further after the November conference about any additional steps that could be taken to address RLP's continued attendance issues.

The juvenile court entered an order finding that RLP had failed to attend school as required by chapter 28A.225 RCW and that the District had complied with its duties under former RCW 28A.225.020 to inform RLP's mother of his absences and to attempt to eliminate or reduce those absences. The court assumed jurisdiction of RLP's truancy and ordered RLP to attend school on a regular basis. RLP filed a notice of appeal regarding the truancy order.

Subsequently, on June 27, the juvenile court dismissed the truancy matter because the 2016-2017 school year had ended and therefore the District's petition no longer was necessary. Nevertheless, RLP has continued to pursue his appeal.

ANALYSIS

A. TRUANCY STATUTES – CHAPTER 28A.225 RCW

Public school attendance for children between the ages of 8 and 18 is mandatory unless an exception applies. Former RCW 28A.225.010(1) (2014). In 2016, the legislature enacted significant amendments to chapter 28A.225 RCW, effective June 9, 2016.[2] LAWS OF 2016, ch. 205. These amendments expanded the obligations of public schools to address a student's failure to attend school, introduced the WARNS assessment as a tool to assess the risks and needs of individual students, and made community truancy boards mandatory for all school districts by

_____

[2] The legislature enacted further amendments to chapter 28A.225 RCW effective July 2017. LAWS OF 2017, ch. 291. Unless otherwise indicated, we refer to the provisions of chapter 28A.225 RCW as effective between June 9, 2016 and July 23, 2017.

4

No. 51327-7-II

the beginning of the 2017-2018 school year.  Former RCW 28A.225.020(1) (2016); RCW

28A.225.026.[3]

With respect to a student who fails to attend school without justification, former RCW

28A.225.020(1) states that public schools must (1) inform the child's parent after one unexcused

absence in any month, (2) schedule a conference with the parent and child for the purpose of

analyzing the causes of the child's absences after two unexcused absences in any month, and (3)

"take data-informed steps to eliminate or reduce the child's absences."

These data-informed steps "shall include application of the Washington assessment of the

risks and needs of students (WARNS) by a school district's designee under [RCW

28A.225.026]."  Former RCW 28A.225.020(1)(c).[4]  Where appropriate, the school also must

provide "an available approved best practice or research-based intervention . . . consistent with

the WARNS profile."  Former RCW 28A.225.020(1)(c).  These interventions may include

> adjusting the child's school program or school or course assignment, providing
> more individualized or remedial instruction, providing appropriate vocational
> courses or work experience, referring the child to a community truancy board,
> requiring the child to attend an alternative school or program, or assisting the parent
> or child to obtain supplementary services that might eliminate or ameliorate the
> cause or causes for the absence from school.

Former RCW 28A.225.020(1)(c).

If the actions of the school district under former RCW 28A.225.020 are not successful in

substantially reducing the student's absences, the school district must file a petition with the

---

[3] Because only minor changes were made to RCW 28A.225.026 in 2017, we cite to the current
version.

[4] The 2017 amendments to RCW 28A.225.020 limit mandatory WARNS assessments to middle
and high school students.  RCW 28A.225.020(1)(c)(i).

court alleging a violation of RCW 28A.225.010. RCW 28A.225.030(1).[5] The petition must be filed no later than the student's seventh unexcused absence within any month or tenth unexcused absence during the current school year. RCW 28A.225.030(1).

The truancy petition must include

a list of all interventions that have been attempted as set forth in RCW 28A.225.020, include a copy of any previous truancy assessment completed by the child's current school district, the history of approved best practices intervention or research-based intervention previously provided to the child by the child's current school district, and a copy of the most recent truancy information document provided to the parent.

RCW 28A.225.030(1).

When a petition is filed, the juvenile court initially must stay the petition and refer the parent and the child to the community truancy board. RCW 28A.225.035(4)(a). If a community truancy board is not in place, the juvenile court must schedule a hearing to consider the petition. RCW 28A.225.035(4)(b).

B.    MOOTNESS

As a threshold matter, the parties agree that RLP's appeal is moot because the juvenile court dismissed the truancy matter in June 2017. But RLP argues that we still should address his appeal because it involves matters of continuing and substantial public interest. We agree that the District's compliance with statutory requirements is a matter of continuing and substantial public interest that we will consider even though the issue is moot.[6]

---

[5] Because only minor changes were made to RCW 28A.225.030 in 2017, we cite to the current version.

[6] RLP also argues that the juvenile court erred in finding that he had accrued the requisite number of unexcused absences under RCW 28A.225.030(1) to support a truancy order. We do not believe that this issue is one of continuing and substantial public interest, and therefore we decline to address this issue as moot.

1. Legal Principles

An appeal is moot if we no longer can provide effective relief. *In re Det. of M.W.*, 185 Wn.2d 633, 648, 374 P.3d 1123 (2016). The issues presented in a truancy appeal generally are moot when the truancy matter has been dismissed. *See Bellevue Sch. Dist. v. E.S.*, 171 Wn.2d 695, 699 n.1, 257 P.3d 570 (2011). However, we have discretion to decide a moot case if it involves a matter of continuing and substantial public interest. *M.W.*, 185 Wn.2d at 648. In determining whether a moot case falls within this exception, we consider the public or private nature of the issue presented, the need for an authoritative determination that will provide future guidance to public officers, and the likelihood that the issue will recur in the future. *Id.*

Courts have reached the merits of truancy appeals that have become moot where the questions raised were continuing or recurring issues of substantial public interest. *See, e.g.*, *E.S.*, 171 Wn.2d at 698-99 (whether due process requires the appointment of counsel to represent a child at an initial truancy hearing); *In re Interest of J.L.*, 140 Wn. App. 438, 443, 166 P.3d 776 (2007) (whether a truant minor can constitutionally be incarcerated); *In re Interest of N.M.*, 102 Wn. App. 537, 538-40, 7 P.3d 878 (2000) (whether the juvenile contempt statutes authorize imposition of detention as a coercive sanction for violation of a dispositional order); *In re Interest of M.B.*, 101 Wn. App. 425, 431-33, 3 P.3d 780 (2000) (whether due process allows the imposition of detention as a contempt sanction for violating court conditions of truancy disposition orders).

2. Continuing and Substantial Public Interest

RLP argues that the question of whether a school district provided data-informed steps to eliminate or reduce a child's absences is a matter of continuing and substantial public interest.

We agree that this is a public matter, but the question here is whether our guidance is needed and whether this issue will recur in the future.

As discussed below, the provisions of former RCW 28A.225.020(1) create a significant duty for school districts to provide interventions and services to children struggling with attendance before filing a truancy petition. Former RCW 28A.225.020(1)(c) requires the public school where the student is enrolled to take data-informed steps to eliminate or reduce the child's absences, including a WARNS assessment. We conclude that the data-informed steps issue is a continuing and substantial public interest because the legislature intended a substantial change in public schools' responsibilities to students with excessive unexcused absences. And the legislature clearly intended the data-informed steps to play a significant role in these increased responsibilities.

In addition, our guidance will be beneficial to ensure that school districts are complying with truancy laws, especially with regard to the services and interventions school districts are required to offer to students. Therefore, we consider RLP's moot appeal on the issue of data-informed steps to eliminate or reduce a child's school absences.

C.    THE DISTRICT'S STATUTORY OBLIGATIONS BEFORE FILING TRUANCY PETITION

RLP argues that the juvenile court erred in finding that the District met its burden under former RCW 28A.225.020 to address his unexcused absences before filing a truancy petition. We agree.

RLP claims that the District did not meet its obligations under former RCW 28A.225.020 because the District failed to take data-informed steps to eliminate or reduce his absences as expressly required by former RCW 28A.225.020(1)(c) before filing the truancy petition. The

District asserts that it complied with the requirements of RCW 28A.225.020 with respect to RLP before filing the truancy petition.

When a student fails to attend school without justification, former RCW 28A.225.020(1)(c) requires the public school where the student is enrolled to "[t]ake data-informed steps to eliminate or reduce the child's absences." Former RCW 28A.225.020(1)(c) further states that such data-informed steps "*shall* include application of the Washington assessment of the risks and needs of students (WARNS) by a school district's designee under [RCW 28A.255.026]." (Emphasis added). Former RCW 28A.225.020(1)(c) unambiguously requires school districts to perform a WARNS assessment before filing a truancy petition.

In addition, the school must also provide "where appropriate . . . an available approved best practice or research-based intervention . . . consistent with the WARNS profile." Former RCW 28A.225.020(1)(c). These interventions may include "adjusting the child's school program or school or course assignment, providing more individualized or remedial instruction, . . . referring the child to a community truancy board, requiring the child to attend an alternative school or program, or assisting the parent or child to obtain supplementary services." Former RCW 28A.225.020(1)(c).

"*[I]f* the actions taken by a school district under RCW 28A.225.020 are not successful in substantially reducing an enrolled student's absences," *then* the school must file a truancy petition. RCW 28A.225.030(1) (emphasis added). Further, that truancy petition must include "a list of all interventions that have been attempted as set forth in RCW 28A.225.020." RCW 28A.225.030(1).

Here, the District provided some services to RLP to address his unexcused absences. RLP's teacher suggested that RLP could come to school on his older brother's bus. Barga allowed RLP to spend his recess in the office as a rest time if RLP came to school and completed assignments. RLP received nutrition assistance at school. RLP's teacher made significant modifications for RLP, essentially individualizing the program and the work for him. Barga believed that RLP had worked with the District's education liaison for homeless students, but was not sure. Barga also stated that there were special services that RLP was "available for" but refused to participate in. RP at 15.

However, no evidence suggests that any of these efforts, even RLP's teacher's work on his behalf, constituted a "data-informed step" under RCW 28A.225.020 to reduce or eliminate RLP's absences. Further, nothing in the record indicates that the District ever performed a WARNS assessment of RLP or any other assessment before filing the truancy petition. Not only was the District required to conduct a WARNS assessment of RLP, but the results of the WARNS assessment were crucial for determining whether a "best practice or research-based intervention . . . consistent with the WARNS profile" might have been appropriate to address RLP's absences. Former RCW 28A.225.020(1)(c).

When asked whether the school ever took data-informed steps to reduce or eliminate RLP's absences, Barga first did not understand the reference. After RLP's counsel clarified the question, Barga merely stated that the District was tracking RLP's absences. These answers suggest that during the 2016-2017 school year, the District was not aware that recent amendments to the truancy statutes required the District to do more than simply track RLP's behavior and attendance before filing a truancy petition.

The District argues that the WARNS provision does not apply because RLP was in elementary school at the time of the petition. Although the 2017 amendments to RCW 28A.225.020 require the mandatory WARNS assessment only in the case of middle and high school students, the statute contained no such limitation during the 2016-2017 school year at issue here. Former RCW 28A.225.020(1). Therefore, the District was required to perform a WARNS assessment of RLP during the 2016-2017 school year despite the fact he was in elementary school at the time.

The District also appears to argue that there are no clear guidelines available for what "data-informed steps" are required of a school district in a pre-truancy setting. However, this argument ignores the guidelines clearly spelled out in former RCW 28A.225.020(1)(c) regarding data-informed steps. As noted, such steps clearly must include application of the WARNS assessment. This argument also ignores the fact that a truancy petition must be filed only "*if* the actions taken by a school district under RCW 28A.225.020 are not successful in substantially reducing an enrolled student's absences." RCW 28A.225.030(1). The truancy petition must include "a list of all interventions that have been attempted as set forth in RCW 28A.225.020." RCW 28A.225.030(1). Therefore, the data-informed steps must necessarily occur *before* any truancy petition is filed.

Finally, the District argues that, regardless of the requirements of former RCW 28A.225.020, the District filed an appropriate petition under RCW 28A.225.035 because RLP had accrued far beyond the threshold number of unexcused absences to trigger a truancy petition. But this argument views the number of RLP's unexcused absences in isolation and ignores the fact that former RCW 28A.225.020(1) required the District to perform a WARNS assessment of

11

No. 51327-7-II

RLP and to take appropriate data-informed steps to address his absences before filing the petition. The District was required to provide these services to RLP before filing the petition, regardless of how many additional unexcused absences RLP accrued in the meantime.

Accordingly, we hold that the District failed to take data-informed steps to address RLP's unexcused absences before filing a truancy petition, and that the juvenile court erred in finding that the District had satisfied this requirement.

CONCLUSION

We hold that the juvenile court erred in entering the truancy order.

MAXA, C.J.

We concur:

LEE, J.

CRUSER, J.

12